UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS-6

| Case No. | CV 11-2339 CAS (RZx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | EMILIO JOYA v. AURORA LOAN SERVICES, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Not Present

Attorneys Present for Defendants:

Not Present

**Proceedings:**   **(In Chambers:) ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION**

## I.   INTRODUCTION

On February 18, 2011, plaintiff Emilio Joya filed the instant action against defendants Aurora Loan Services, Inc. ("Aurora"), Mortgage Electronic Registration Systems ("MERS"), and First Magnus Financial Corporation ("First Magnus") in the Superior Court of Los Angeles County. Plaintiff alleges that defendants engaged in predatory and unlawful lending practices in modifying his home loan. In particular, plaintiff alleges that defendants engaged in intentional misrepresentation and fraud, entered into an illegal pooling agreement in violation of Cal. Civ. Code §§ 1916.7, 1920, and 1921, and engaged in unfair business practices in violation of Cal. Bus. & Prof. Code § 17200. Plaintiff seeks accounting of all payments on the loan and a declaration that the title to the subject property is vested in plaintiff only.

Aurora removed the action to this Court on March 18, 2011. It claims that this Court has federal question jurisdiction because plaintiff references defendants' failure to respond to a Qualified Written Request ("QWR") in his demand for accounting claim. Aurora alleges that because QWRs are made available under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), the claim arises under federal law. MERS joined the removal on April 13, 2011. On April 15, 2011, the Court issued an order to show case as to why the case should not be remanded for lack of subject matter jurisdiction. On May 5, Aurora and MERS filed a response to the order to show cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　　　JS-6

| Case No. | CV 11-2339 CAS (RZx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | EMILIO JOYA v. AURORA LOAN SERVICES, INC., ET AL. | | |

## II.　DISCUSSION

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint.[1]  Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983).  Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28.  As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Here, plaintiff has alleged no federal question on the face of his complaint. Moreover, even though the complaint references defendants' failure to respond to a QWR in his accounting claim, the right to accounting, as a common law cause of action, does not depend on the resolution of a substantial question of federal law. See, e.g., Civic Western Corp. v. Zila Industries, Inc., 66 Cal App. 3d 1, 14 (Cal. Ct. App. 1977).  While plaintiff's mention of a QWR undoubtedly refers to RESPA, which is a federal statute, it is also clear from the face of that claim that plaintiff does not rely on RESPA in pursuing the relief requested.  Plaintiff seeks an accounting on the basis that "[d]efendants have alleged, on different occasions what Plaintiff owes Defendants on the subject loan.  What Plaintiff owes to the ultimate true note holder on the subject property, pursuant to Uniform Commercial Code (UCC) Section 3301, if anything, cannot be determination without an accounting.  Accordingly, Plaintiff seeks an accounting from Defendants and the true note holder so that if any money is due and payable to Defendants the true amount can factually be determined and Plaintiff can then be in a position to tender the true sums due to the factual note holder." Compl. ¶ 34.

---

[1] Because at least one of the defendants as well as plaintiff appear to be citizens of California, this Court also cannot exercise jurisdiction on the basis of diversity. Defendant does not appear to assert jurisdiction on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  **JS-6**

| Case No. | CV 11-2339 CAS (RZx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | EMILIO JOYA v. AURORA LOAN SERVICES, INC., ET AL. | | |

Without a claim arising under federal law, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court REMANDS the instant action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |